[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Milford, Connecticut on May 30, 1981. There is one child, issue of the marriage, Danielle, born December 1, 1982.
The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
Both parties had married before. The defendant had two children by a former marriage. They were Lisa and Gary. Lisa is now of age.
The parties both testified that the early years of the marriage had been very good. The plaintiff thought that the marriage had broken down in October or November in 1989 and the defendant that it had broken down in the middle of 1987.
The defendant testified that the breakdown had occurred when they were living in Stratford, that there were communication problems, that they never discussed anything, and, if they did, it ended in a screaming match, that the plaintiff said she never did anything right, that her job as a waitress was useless, that it was a nothing thing, that they fought over money and about the defendant's children, and that the plaintiff called her names. The defendant claimed that the plaintiff used dope, including cocaine and marijuana, and sold drugs. The plaintiff admitted that he had been involved with drugs but claimed he had stopped all that in the early years of the marriage.
The plaintiff found a house in Milford he wanted to buy. He was a carpenter by trade and although the house needed many repairs, he could do them and also fix up other parts of the house. The defendant looked at the house with the plaintiff but did not think they should buy it because she did not believe they could afford it.
The plaintiff claimed that the marriage had broken down late in 1989 when he found the defendant going out with another man. The defendant claimed that the marriage was over long before that and the court so finds.
The court finds that the plaintiff was the major cause of the breakdown but that the defendant contributed in a lesser degree. CT Page 94
Neither party is asking for alimony, and none is awarded.
Custody of Danielle is awarded jointly to the parties. However, she shall live with the defendant and the plaintiff shall have reasonable rights of visitation with her. The plaintiff shall pay the defendant support for Danielle in the amount of $85 a week and provide health insurance for her. Any unreimbursed health expenses shall be divided equally between the parties.
Although the court has no jurisdiction over Gary, the court notes that the plaintiff wants to have reasonable rights of visitation with him and the defendant has agreed that he may do so.
The jointly owned property at 69 Sunnyside Court in Milford shall be sold immediately and the net proceeds shall be distributed 1/4 to the plaintiff and 3/4 to the defendant. This ruling is made because the plaintiff forged the defendant's signature to a mortgage note with the Com Fed Savings Bank which enabled the plaintiff to borrow $10,000 on that property to give to his mother. Until the property is sold the plaintiff shall indemnify and hold harmless the defendant from any liability on that note. Also, the court notes that the plaintiff now wants to keep this property and had he not forged the plaintiff's signature, now he probably could have borrowed enough money to pay off the defendant in this dissolution.
Each party shall pay the liabilities listed on their financial affidavits and pay their own attorney's fees.
Title to the Monte Carlo car shall be transferred to the defendant and she shall be responsible for any loan outstanding on it.
The plaintiff may remove the goldplated silver coins which shall belong to him and also his tools.
THOMAS J. O'SULLIVAN TRIAL REFEREE